First Federal Savings and Loan Association of Montclair, a corporation of the United States of America, appellant,

*v.*

William A. Shaw and Edythe M. Shaw, respondents.

[Argued October term, 1947.   Decided January 29th, 1948.]

Messrs. *Boyd, Dodd, Keer & Booth* (*Mr. Ernest F. Keer, Jr.*), for the appellant.

Mr. *Fredrick J. Waltzinger*, for the respondents.

The opinion of the court was delivered by

Bodine, J.

The present action was brought to secure a decree to the effect that the defendants held title to lands and premises at 31 Park Street in Upper Montclair as a constructive trustee for the appellant.

At a meeting of the complainant association, the president reported that the lease on its place of business at 28 South Park Street, Montclair, expired on January 1st, 1948.   It was suggested that the matter of the ownership of a building should have the careful consideration of the board, and that if the association continued to grow the present quarters would soon be too small.   After discussion, the president appointed

a committee to make a study of a future location of the association. The committee was composed of the defendant William A. Shaw and several others.

At a directors' meeting held October 10th, 1946, the committee reported with respect to the property now in litigation. It appeared therefrom that the commitee had gone over various locations with Mr. Shaw and that the location in question seemed to be the most suitable. A real estate man, who held the property for sale, said that the owners were considering an offer of $26,000 which they would accept unless they received a better one. Mr. Shaw voluntarily made an offer to purchase the property and stated that if the association wanted it at the price paid they could take it. Mr. Shaw signed the contract of purchase.

After Mr. Shaw had signed the contract for the property, the association received a proposition from Messrs. Dodd, Keer & Booth to purchase the northerly portion, on which a building stood, for $22,000. The association accepted this offer of Mr. Shaw to sell and agreed to transfer the land on which the small professional building stood to Messrs. Dodd, Keer & Booth for $22,000. The remaining portion of the lot was sufficient for a building to be erected thereon.

The true situation is to be found in the testimony of Mr. Shaw. "*Q.* What did you tell Mr. Shand [the president] the association could do about it, if anything? *A.* I told Mr. Shand at all times and at all places that I was purchasing this property; I would sell it to the association without profit; if they didn't want it, I would keep it."

There is no doubt whatever in this case that there was a constructive trust and that Mr. Shaw held title to the property in trust for the appellant. See *Rogers* v. *Genung, 76 N. J. Eq. 306; Harrop* v. *Cole, 85 N. J. Eq. 32.*

In the *Restatement of the Law of Restitution,* § *194,* it is stated:

"Purchase by Fiduciary of property which he should purchase for the beneficiary.

"(1) A fiduciary who purchases from a third person for himself individually property which it is his duty to purchase for the beneficiary holds it upon a constructive trust for the beneficiary."

A constructive trust is established by proof of the betrayal of confidence and a violation of duties arising out of a beneficiary relation. See *3 Scott on Trusts,* §§ *499, 504 et seq.; Marlatt* v. *Warwick and Smith, 18 N. J. Eq. 108;* affirmed, *19 N. J. Eq. 439.*

Mr. Shaw being a trustee for the property, we think it was immaterial what the beneficiary decided to do when it obtained the legal title thereto. That was a matter for corporate action.

This view leads to a reversal of the decree dismissing the bill. The action is remanded to the Court of Chancery for action not inconsistent with this opinion.

*For affirmance*—WACHENFELD, EASTWOOD, WELLS, DILL, FREUND, JJ. 5.

*For reversal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, BURLING, MCLEAN, SCHETTINO, JJ. 8.